# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ARCHIE W. SOURS, III, ) | |
| HEATHER MICHELLE SOURS, ) | Case No. 06-70785-SCS |
| *Debtors.* ) | |
| ) | |
| W. CLARKSON McDOW, JR., ) | |
| UNITED STATES TRUSTEE, ) | |
| REGION FOUR, ) | APN 06-07068-SCS |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| ARCHIE W. SOURS, III, ) | |
| HEATHER MICHELLE SOURS, ) | Chapter 13 |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM OPINION

This matter came before the Court upon the Motion for Judgment on the Pleadings filed by W. Clarkson McDow, Jr., United States Trustee for Region Four ("United States Trustee"), in the above-captioned matter. The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Upon consideration of the pleadings submitted, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

The underlying facts of this case are uncontroverted.[1] On June 12, 2006, Archie W. Sours, III, and Heather Michelle Sours filed, by counsel, a joint voluntary petition under Chapter 13 of the Bankruptcy Code ("Pending Case"). In the petition, the Debtors represented that they had not filed a prior bankruptcy case in the past eight years. However, the Debtors had previously filed a voluntary petition under Chapter 13 on July 3, 2002, Case No. 02-05513-8-JRL, in the United States Bankruptcy Court for the Eastern District of North Carolina, Wilson Division ("Prior Case"). The Prior Case was converted to a case under Chapter 7 of the Bankruptcy Code on July 11, 2003. The Debtors received their Chapter 7 discharge in the Prior Case on October 24, 2003.

A Complaint Objecting to Discharge ("Complaint") was filed in the Debtors' current case on June 15, 2006, by the United States Trustee. The United States Trustee noted, while the Debtors did not list a prior bankruptcy case on their voluntary petition, the Debtors had actually filed the Prior Case within four years of the Pending Case. The United States Trustee argued that because the Debtors received a Chapter 7 discharge in the Prior Case, and that the Prior Case was filed within four years of the current case, the Debtors are ineligible to receive a discharge in the Pending Case. An Amended Petition was filed by the Debtors, by counsel, on June 25, 2006, which lists the Prior Case. The Debtors timely filed an Answer

---

[1] In Paragraphs 1 and 2 of the Debtors' Answer to the Complaint Objecting to Discharge, the Debtors admitted to all facts averred in Paragraphs 1 through 4 contained in the United States Trustee's Complaint Objecting to Discharge, which are discussed here in detail.

to the Complaint on July 21, 2006, and admitted to the facts averred by the United States Trustee. The Debtors also noted the filing of their Amended Petition, arguing that because the Prior Case was not originally filed under Chapter 7 of the Bankruptcy Code, the Debtors remain eligible to receive a discharge in the Pending Case.

The Court conducted a pre-trial conference on August 10, 2006, which counsel for both parties attended. The parties agreed that the matter could be decided based upon briefs to be filed by the parties. Therefore, the Court ordered that briefs be submitted by counsel within thirty (30) days, and that rebuttal briefs be filed within fifteen (15) days thereafter. The United States Trustee timely filed the Motion for Judgment on the Pleadings and Supporting Memorandum ("Motion for Judgment") on August 30, 2006. The Debtors filed neither a brief after the pre-trial conference nor a rebuttal brief to the United States Trustee's Motion for Judgment on the Pleadings.

## II. ARGUMENTS

The United States Trustee argues that the pleadings in the current matter have been closed, leaving only a question of law, and therefore this matter is ripe for adjudication on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Pl.'s Mot. J. ¶ 4 (citing *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989)). He argues that a motion brought under Rule 12(c) is subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), namely, that the Court must accept all of the well-pleaded allegations as true and draw all reasonable inferences in the light most

3

favorable to the non-moving party. *See* Pl.'s Mot. J. ¶ 4 (citing *Old Bridge Estates Cmty. Ass'n v. Lozada (In re Lozada)*, 214 B.R. 558, 560 (Bankr. E.D. Va. 1997)).

The United States Trustee argues that the Debtors are prohibited from receiving a discharge in the Pending Case because their previous Chapter 7 discharge was received in a case filed within the four-year time restriction set out in subsection (f) of § 1328. The United States Trustee argues that under new provisions of subsection (f) of § 1328, the availability of a discharge for debtors filing multiple cases is restricted based on the type of prior discharge and length of time between the filings. Pl.'s Mot. J. ¶ 5. He further argues that debtors who file multiple cases, like the Debtors in the Pending Case, who receive a prior Chapter 7 discharge in a case filed within four years of a subsequent case, must wait four years to file a Chapter 13 case if the debtors ultimately seek to discharge debts in a new Chapter 13 case. Pl.'s Mot. J. ¶ 5. The United States Trustee submits that the Debtors admitted that they received a Chapter 7 discharge in a case filed during the four-year period preceding the date of the order of relief in the Pending Case. Pl.'s Mot. J. ¶ 5. Thus, following this analysis of § 1328(f)(1) and the admissions of the Debtors, the United States Trustee argues that the Debtors are not entitled to a Chapter 13 discharge in the Pending Case.

Noting the Debtors' argument that they are nonetheless entitled to a Chapter 13 discharge because the Prior Case was initially filed under Chapter 13 and later converted to one under Chapter 7, the United States Trustee argues that the Plain Meaning Rule of statutory construction that would permit such an inference nevertheless does not allow the Debtors to achieve a Chapter 13 discharge. Pl.'s Mot. J. ¶ 5. Instead, the United States

Trustee argues that another provision of the Bankruptcy Code, 11 U.S.C. § 348(a), supplies the meaning of the phrase "filed under" as used in § 1328(f). Pl.'s Mot. J. ¶ 5. The United States Trustee interprets § 348(a) to mean that a converted case is deemed to be filed under the chapter to which the case is converted. Pl.'s Mot. J. ¶ 5 (citing *Riske v. Lyons (In re Lyons)*, 162 B.R. 242 (Bankr. E.D. Mo. 1993); *In re Burrell*, 148 B.R. 820 (Bankr. E.D. Va. 1992)). Therefore, the United States Trustee argues, even though the case was originally filed under Chapter 13, following the conversion the Debtors are deemed to have filed the Prior Case under Chapter 7, and thus, are not eligible to receive a Chapter 13 discharge. The United States Trustee further asserts that it is appropriate to look to § 348(a) because statutory language must be read in its context within the statutory scheme. Pl.'s Mot. J. ¶ 5 (citing *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)).

In support of his argument, the United States Trustee calls attention to a recent opinion within the Fourth Circuit which he asserts contained similar facts to the pending case. Pl.'s Mot. J. ¶ 5 (citing *McDow v. Capers (In re Capers)*, 347 B.R. 169 (Bankr. D.S.C. 2006). The United States Trustee represents that Judge Waites rejected the debtor's contention that the "filed under" language of § 1328(f) was controlling and reasoned that the debtor's argument "ignores the effect of the conversion of the previous case under § 348." Pl.'s Mot. J. ¶ 5 (quoting *In re Capers*, 347 B.R. at 172).

The United States Trustee also argues that the exceptions to the Plain Meaning Rule are applicable and require that his interpretation of § 1328(f) prevail. Pl.'s Mot. J. ¶ 5. The United States Trustee argues that the Debtors' interpretation is at odds with the intent of the legislature, which sought "'to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years

preceding the filing of the subsequent chapter 13 case.'" Pl.'s Mot. J. ¶ 5 (quoting H.R. Rep. No. 109-31(I), at 76 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198). The United States Trustee also points to language in *In re Capers* where the court stated that the debtors' interpretation frustrated the policy that Congress sought to implement, which was to lengthen the time between the discharges that debtors receive.

The United States Trustee further argues that literally applying the statutory language yields an absurd result. If interpreted according to the Debtors' argument, the United States Trustee points out that the result would be that debtors who initially file under Chapter 13 but fail, or who file under Chapter 13 but convert to Chapter 7, will have a shorter waiting period between refilings than will debtors who file under Chapter 7 and convert to Chapter 13 and successfully complete a plan. The United States Trustee notes that should the Debtors' interpretation prevail, debtors who are seeking a Chapter 7 discharge would be encouraged to initially file under Chapter 13 in order to reap the benefits of a lesser time bar between filings. Pl.'s Mot. J. ¶ 5 (citing *In re Capers*, 347 B.R. at 172). Based on the foregoing arguments, the United States Trustee prays that the Debtors' discharge be denied.

As the Debtors chose not to file any briefs or responses to the United States Trustee's Motion for Judgment on the Pleadings, the Court is unable to elaborate on possible arguments beyond those that were asserted in the Debtors' initial Answer to the Complaint. Specifically, the Debtors claim that the "filed under" language controls their right to a discharge, and because they initially filed their Prior Case under Chapter 13, they are not required to wait for four years in order to receive a discharge in their Pending Case. Although it is distressing to this Court to proceed without any briefs filed on behalf of the Debtors, this Court will follow all requirements mandated under a Rule 12(c) Motion for

Judgment on the Pleadings and continue to draw all inferences in the light most favorable to the Debtors as the non-moving parties.

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

As stated above, the United States Trustee has moved for the Debtors' discharge to be denied and for judgment to be entered on the pleadings in favor of the United States Trustee pursuant to Federal Rule of Civil Procedure 12(c), as incorporated into the Federal Rules of Bankruptcy Procedure through Rule 7012. Rule 12(c) states that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also* Fed. R. Bankr. P. 7012 (incorporating Rule 12 into the Federal Rules of Bankruptcy Procedure). A motion brought under Rule 12(c) is separate and distinct from a motion to dismiss brought under Rule 12(b)(6); however, the effect of the Rule and standard of review remain identical. "A motion brought under Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Old Bridge Estates Cmty. Ass'n v. Lozada (In re Lozada)*, 214 B.R. 558, 560 (Bankr. E.D. Va. 1997); *see also Barnette v. Brook Road, Inc.*, 429 F. Supp. 2d 741, 744 (E.D. Va. 2006) (citations omitted); Fed. R. Civ. P. 12(b)(6). Similar to a motion brought under Rule 12(b)(6), judgment on the pleadings is "appropriate when the court looks only at the pleadings and determines that there is no issue as to a material fact and only matters of law remain." *In re Lozada*, 214 B.R. at 560 (citing *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989)) (additional citations omitted). "A court shall grant a motion for judgment on the pleadings under Rule 12(c) where 'it appears to a certainty that the nonmoving party cannot prove any set of facts in support of

its claim that would entitle it to relief.'" *Barnette*, 429 F. Supp. 2d at 744 (quoting *Shooting Point, L.L.C. v. W.M. Cumming*, 238 F. Supp. 2d 729, 735 (E.D. Va. 2002)) (additional citations omitted).

A court must review the pleadings of a motion brought under Rule 12(c) in the same manner as it would in a motion to dismiss under Rule 12(b)(6). To this end, a court must "accept all of the well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party." *In re Lozada*, 214 B.R. at 560 (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996)); *see also Simonel v. O'Donnell*, No. 03-01025-SCS, slip op. at 15-16 (Bankr. E.D. Va. June 27, 2003). In the present case, both parties have stipulated to the relevant facts. Only a question of law remains to be determined by this Court. Accordingly, the Court will adjudicate the matter on the pleadings as required under Rule 12(c), and construe all claims in the light most favorable to the non-moving party, in this instance, the Debtors.

### B. Analysis

Upon consideration of the interpretations of § 1328(f) and the exceptions of the Plain Meaning Rule, this Court finds that the more logical position would deny the Debtors' discharge in the instant case. The mandate of the Plain Meaning Rule is well established. "It is a well-settled principle that 'unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language.'" *In re Silvus*, 329 B.R. 193, 214 (Bankr. E.D. Va. 2005) (quoting *Hillman v. Internal Revenue Serv.*, 263 F.3d 338, 342 (4th Cir. 2001) (additional citations omitted)). Additionally, the context in which statutory language is interpreted is imperative to reaching a correct and complete application of the Plain Meaning Rule of statutory construction. "[S]tatutory language cannot be construed in

a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) (citing *United States v. Morton*, 467 U.S. 822, 828 (1984)). "In determining whether Congress has specifically addressed the question at issue, a reviewing court should not confine itself to examining a particular statutory provision in isolation. The meaning or ambiguity of certain words or phrases may only become evident when placed in context." *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000) (citing *Brown v. Gardner*, 513 U.S. 115, 118 (1994)). The Plain Meaning Rule thus requires that the Court examine all relevant sections of a statute before strictly applying a literal interpretation of the statutory language.

In addition to looking at a statute within its context, there are two exceptions that exist when applying the Plain Meaning Rule. The first exception applies when a literal interpretation of a statute would lead to a result that is contrary to congressional intent. The Fourth Circuit Court of Appeals recently stated:

> [A] court is obliged to apply the Plain Meaning Rule unless the party contending otherwise can *demonstrate* that the result would be contrary to that intended by Congress. Requiring a demonstration that the plain meaning of a statute is at odds with the intentions of its drafters is a more stringent mandate than requiring a showing that the statute's literal application is unreasonably in light of the bankruptcy policy.

*RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra)*, 361 F.3d 257, 269 (4th Cir. 2004) (citing *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989)). "The plain meaning of legislation should be conclusive, except in 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *In re Silvus*, 329 B.R. at 214 (quoting *Ron Pair Enters.*, 489 U.S. at 242).

The second exception applies when a literal interpretation of a statute would produce an absurd result. "The second exception to the Plain Meaning Rule is triggered 'when literal application of the statutory language at issue results in an outcome that can truly be characterized as absurd, i.e., that is so gross as to shock the general moral or common sense.'" *In re Silvus*, 329 B.R. at 214 (quoting *In re Sunterra*, 361 F.3d at 265 (additional citations omitted)). "As to both of these exceptions, the instances in which either should apply should be 'exceptionally rare.'" *Id.* (quoting *Hillman v. Internal Revenue Serv.*, 263 F.3d 338, 342 (4th Cir. 2001).

Section 1328 of the Bankruptcy Code addresses the aspect of discharge in a Chapter 13 case.[2] Subsection (f) of that section was added to the Bankruptcy Code as a result of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and establishes time restrictions in cases where a debtor has previously filed under Title 11. Subsection (f) contains the following language:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under the section 502, if the debtor has received a discharge–
>
> > (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> >
> > (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

---

[2] The citations and quotations in this Memorandum Opinion to Title 11 of the United States Code are to those sections effective under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which took effect October 17, 2005, unless otherwise noted.

11 U.S.C. § 1328(f).[3]

A literal interpretation of the language would appear to support the Debtors' arguments that it is the Chapter under which a case is filed, and not the Chapter under which a case is discharged, which controls their right to a discharge in the Pending Case. However, the Debtors fail to complete their Plain Meaning analysis of § 1328, which requires that a distinction be made between cases "filed under" Chapter 13 or Chapter 7. The Plain Meaning Rule requires this Court not only to look at the language of § 1328, but also to read that section in its proper context with regard to converted cases. Thus, the Court must read § 1328 in conjunction with § 348(a), which provides:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsection (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

---

[3] It is prudent to note that the issue before the Court is not a question of the Debtors' eligibility to file a Chapter 13 bankruptcy case, which is governed by 11 U.S.C. § 109(e). Instead, the issue before the Court is whether the Debtors may receive a discharge. "11 U.S.C. § 1328(f) is not an eligibility provision. Whether an individual is eligible to be a debtor under chapter 13 is established under 11 U.S.C. § 109(e)." *Baxter v. Lewis (In re Lewis)*, 339 B.R. 814, 816 (Bankr. S.D. Ga. 2006); *see also In re McGhee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) ("It should also be noted, however, that the discharge prohibition in § 1328(f) does not prevent an individual from seeking and receiving chapter 13 relief.") (citing *In re Lewis*, 339 B.R. at 816). "If an individual meets the statutory qualifications set forth in [§] 109(e), he/she may file a Chapter 13 petition and receive the resultant benefits and protections." *In re McGhee*, 342 B.R. at 258. The United States Trustee has conceded that the Debtors meet the statutory requirements of § 109(e) in the Pending Case. Pl.'s Mot. J. ¶ 5 n.4. Section 1328(f) does not affect the Debtors' eligibility to file, and this Memorandum Opinion deals strictly with the determination of whether the Debtors are eligible to receive a Chapter 13 discharge.

The case law interpreting this particular section in this Circuit and others overwhelmingly states that the date of filing, and not the date of conversion, is controlling in a bankruptcy case. *See Shaw v. Ehrlich*, 294 B.R. 260, 266-67 (W.D. Va. 2003) (stating that "when a debtor files a petition under a particular chapter, and the bankruptcy court later converts the case to one under another chapter, the date of the filing of the petition, and therefore the automatic stay, remains the date of the original filing and not the date of conversion"); *In re Stroble*, 127 B.R. 372, 374 (Bankr. W.D. Va. 1991) ("11 U.S.C. § 348(a) reinforces section 522 by dictating that a conversion from Chapter 13 to Chapter 7 does not advance the date of filing to the date of conversion.") (citations omitted). "Application of [§] 348(a) mandates the that 'date of filing' the original chapter 13 petition controls." *In re Burrell*, 148 B.R. 820, 822 (Bankr. E.D. Va. 1992). It is "'established that when there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed.'" *Riske v. Lyons (In re Lyons)*, 162 B.R. 242, 243 (Bankr. E.D. Mo. 1993) (quoting *Resendez v. Lindquist*, 691 F.2d 397, 398-99 (8th Cir. 1982)). "This section does not change the filing date of the case but rather the converted case is deemed to be filed under the chapter to which the case is converted." *In re Capers*, 347 B.R. 170, 171-72 (Bankr. D.S.C. 2006).[4]

---

[4] Section 348(a) has also been interpreted by courts to determine the availability of a Chapter 7 discharge in a converted case.

> The statute is clear that the date on which the six year period begins to run is the commencement date of the previous chapter 7 case. . . . The bankruptcy code and applicable case law is quite clear that the date of the original filing and not the date

Taking into account the language of § 348(a), and the extensive case law noted above interpreting § 348(a), it is clear to this Court that a converted case relates back to the initial filing date for all purposes, including matters relating to discharge. Section 348(a) provides that "conversion from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted." 11 U.S.C. §348(a). Thus, the Court agrees with the United States Trustee that § 348(a) mandates that a case which has been converted to Chapter 7 from Chapter 13, such as the Debtors' Prior Case, is deemed to be "filed under" Chapter 7 on the date on which the Chapter 13 was filed. Accordingly, this Court also finds that Section 348(a) mandates that it is the original filing date of a case, not the conversion date, which controls the running of the time-bar for discharge purposes. Therefore, the Debtors are subject to the four-year time restriction of § 1328(f)(1) and are not eligible to receive a discharge in the Pending Case.

The Debtors' proposed interpretation of § 1328(f) also triggers both exceptions to the Plain Meaning Rule. Under the first exception, the literal interpretation of § 1328(f) requested by the Debtors would be contrary to congressional intent. Legislative history indicates that the purpose of § 1328(f) was to extend the time periods within which a debtor could receive a subsequent discharge, not to inadvertently create an avenue of avoidance for clever debtors. "It also amends section 1328 to prohibit the issuance of a discharge in a

---

of conversion is the date which concludes the six year period barring a subsequent chapter 7 discharge.

*In re Burrell*, 148 B.R. 820, 822 (Bankr. E.D. Va. 1992) (citing 11 U.S.C. § 727(a)(8) (1992)).

subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case." H.R. Rep. No. 109-31(I), at 76 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198. As has been noted in a similar case, the Debtors' argument is "clearly at odds with expressed congressional intent." *In re Capers*, 347 B.R. at 172. Judge Waites noted that a "mechanical reading of § 1328(f) would frustrate the policy that Congress sought to implement through the provisions of the section." *Id.* Specifically, this Court concurs with Judge Waites' reasoning that:

> [c]learly, Congress sought to lengthen the time between the discharges debtors receive under chapters 7, 11, 12, and 13 and subsequently filed chapter 13 cases. Just as clearly, Congress determined that the length of time between discharge should be greater for debtors who had received a discharge in a previous chapter 7, 11, or 12 case than for debtors who previously received a chapter 13 discharge.

*Id.* Congress did not intend to create a conduit by which debtors may evade the newly enacted time restrictions between multiple filings.

Under the second exception to the Plain Meaning Rule, statutory language must be literally interpreted unless a literal interpretation would lead to an absurd result. This case presents an apt illustration of this principle. Under the Debtors' proposed interpretation, § 1328(f) would not actually create a longer waiting period between filings, but would instead encourage debtors to initially file a Chapter 13 case with no intentions of successful completion. Debtors could then immediately convert in order to receive a Chapter 7 discharge, while still managing to preserve the shorter time restriction between receiving

discharges, thus avoiding the lengthier time restriction associated with an initial filing under Chapter 7. Disingenuous filing by debtors is clearly an absurd result that runs contrary both to public policy and congressional intent.

Upon consideration of the legal conclusions and findings of fact discussed above, this Court concludes that under § 1328(f)(1), the Debtors are not entitled to receive a discharge in the Pending Case. The Debtors have argued that the literal interpretation of § 1328(f) requires a conclusion that it is the Chapter under which a case is filed, not the Chapter under which a discharge is received, that determines their right to a discharge in the Pending Case. However, this Court finds that the more compelling position is that the Debtors' literal interpretation of § 1328(f) not only fails to contemplate the effect of § 348 of the Bankruptcy Code but runs contrary to congressional intent, but also leads to an absurd result. Because the Debtors converted their Prior Case to one under Chapter 7, under § 348(a) they were deemed to have filed a Chapter 7 case on the date the case was originally filed under Chapter 13. Thus, under §1328(f)(1), in order to receive a discharge in their Pending Case, the Debtors would have needed to wait at least four years from the date of their previous filing. The Debtors did not wait four years to file their Pending Case. Accordingly, the Debtors' discharge should be denied.

A separate order will issue.

The Clerk shall deliver copies of this Opinion to Cecelia A. Weschler, Counsel for W. Clarkson McDow, Jr., United States Trustee for Region Four; Joseph M. Spence, Counsel

for the Defendants; and to George W. Neal, Chapter 13 Trustee.

**Entered: October 10, 2006, at Norfolk, Virginia.**

/s/ Stephen C. St. John

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on docket
Oct. 10, 2006  /Cal/